*Twenty-sixth Judicial District.*

# Jn the Court of Quarter Sessions of Columbia County.

## *In re* ROAD IN FRANKLIN TOWNSHIP. ·

1. Viewers in road cases are limited in their authority to the terms of the order issued to them.

2. An order to view and lay out a road, does not authorize the viewers to vacate any part of a road which in their judgment will be superceded by the road laid out under the order.

3. An order to view and vacate a public road is not a matter of right, but of discretion in the Court of Quarter Sessions.

Exceptions to the confirmation of the report of the viewers appointed to lay out a road in Franklin Township, Columbia County.

Opinion of the Court, delivered October 15, 1872, by

ELWELL, P. J.   The petition upon which the viewers in this case were appointed represents that the citizens labor under inconvenience for want of a road from the county bridge over Roaring creek, to a point on the Catawissa and Elysburg road, near Reuben Reigel's.   The order to the viewers follows the language of the petition.   In neither is there contained a word in regard to vacating any other road or part of road; and yet the viewers have made report vacating a greater length of old road than they have laid out of new.

It would seem from this and other cases which have been before us, that the opinion prevails that viewers in road cases have common law powers of a general and undefined character, and that they have the right to supply by their report what they deem to be omissions in the petition and order.   When it is considered that proceedings to lay out roads by the county, are regulated by statutes, and that viewers are limited in their authority to the terms of the order issued to them, it is surprising that any action not warranted thereby, should ever be taken by them.

The Act of Assembly requires that proceedings to vacate any public road shall be upon application to the court by petition in writing, signed by the applicants, setting forth in a clear and distinct manner the situation and circumstances of such road or highway or the part thereof which the applicants may desire to have vacated.   Whether an order shall be issued as requested, is not a matter of right in the petitioners, but of discretion in the court.   The Newville road case, 8 Watts, 172.

*In re* road in Ross township, 12, Casey, 87, it was held that a petition to lay out a road and to vacate such parts of other roads as it may supercede, was defective, in not defining the part of the road desired to be

vacated. The report of viewers which followed the language of the petition, was set aside. It is thus authoritatively established, if authority is necessary for so plain a proposition, that proceedings to vacate must be founded upon a petition framed with due regard to the requirements of the act of assembly.

The public has an interest in questions of vacating as well as in the laying out of public roads. In practice, notice is required when a view is had in order that citizens may appear before the viewers and make known their objections to what is proposed to be done, or insist upon the propriety of the action requested.

It might often occur that the laying out of a new road would be acceptable to every person in the township, while the opposition to vacating another road alleged to be thereby superceded, might be nearly as únanimously opposed. But how can the public know of any proposition to vacate, when no citizen has petitioned for it, and no authority has been issued from the court to the viewers to consider the subject?

It is much to be regretted that in proceedings for laying out and vacating roads, the plain and simple directions of the act of assembly are so often disregarded. The requisitions are not needless. They are adapted to the public convenience and to the security of those through whose lands the roads pass. Nor are they hard to be understood.

If viewers would look more closely to their authority as contained in the order from the court, and would follow its directions, their labor would not be so often as now wholly lost.

The object which the petitioners desire to reach, cannot be attained under their present petition. They must begin anew and ask for what they want with the clearness which we have herein indicated as necessary under the law.

The report of the viewers is set aside.